IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD D. HOLMES,                           Civil No. 09-6023-AA
                                            OPINION AND ORDER
         Plaintiff,

    vs.

WESTERN TITLE & ESCROW COMPANY,
a Oregon Corp., and LLOYD
& GLENDA RAGAN, husband and
wife,

         Defendants.
_____

Donald D. Holmes
17006 N. 131st Ave.
Sun City West, Arizona 85375
     Plaintiff Pro Se

J. Kurt Kraemer
McEwen Gisvold LLP
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
     Attorney for defendant Western Title & Escrow Co.

Christopher T. Scott
Attorney At Law, LLC
626 SW Hurbert Street
Newport, Oregon 97365
     Attorney for defendants Lloyd and Glenda Regan

Page 1 - OPINION AND ORDER

AIKEN, Judge:

    Defendants filed motions to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants' motions to dismiss are denied with leave to renew, and Western's alternative motion to make more definite and certain is granted.

## BACKGROUND

    Plaintiff, appearing pro se, filed a complaint against defendants alleging that on September 27, 2007, defendants Lloyd and Glenda Regan ("Regans") designated defendant Western Title & Escrow Company ("Western") (collectively "defendants") "as sellers' agent to negotiate and transfer certain personal property commonly known as [a] mobile home."  Complaint, p. 2.  In December 2007, while defendants retained possession and title of the property, the mobile home was "storm damaged and sustained water intrusion, rendering the [mobile home] uninhabitable."  Id. at p. 3.  Plaintiff was unaware of the damage sustained by the mobile home and so moved household goods, furnishings, equipment and vehicles from Arizona to Newport, Oregon.

    The defendants filed an insurance claim with their mobile home insurance carrier in January 2008.  The original sales contract was renegotiated between plaintiff and defendants, so that the repairs to the mobile home would be completed by March 14, 2008, to the satisfaction of plaintiff.  On January 15, 2008, plaintiff paid Western $151,461.74, relying on defendants'

statements, representations and expertise. By March 14, 2008, plaintiff alleges that defendants had not completed the negotiated repairs to the mobile home. Plaintiff moved his household goods, furnishings and equipment into an off-site storage facility in Newport, Oregon. Plaintiff then notified defendants that he rescinded the contract and demanded return of the money paid due to non-conformity of the contract.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant Western moves to dismiss arguing that plaintiff has failed to state a claim against it, or alternatively, moves to make more definite and certain. Plaintiff alleges that Western was "negligent and breached fiduciary and other duties to plaintiff . . . [including] not providing a ORS 105.464 required 'Sellers Property Disclosure Statement.'" Complaint, p. 3.

Page 3 - OPINION AND ORDER

Western responds that it was not liable to the plaintiff for either the representations made in the disclosure statement, or, for the seller's failure to provide a disclosure statement. Further, Western argues that to the extent plaintiff's claim can be interpreted to impose upon Western an obligation to disclose the information that would normally be provided in a disclosure statement - Western has no duty to disclose that information. Plaintiff does not allege that Western acted outside of the "ususal escrow arrangement." However, considering plaintiff's pro se status, Western requests, alternatively, that plaintiff's complaint be made more definite as follows:

(1) identify with particularity the representations made by Western with respect to its "expertise in Oregon property transactions," to "provide and prepare agreements and contracts" to "act as a agent and fiduciary to and with its clients regarding such transactions." Complaint, p. 2; and (2) identify with particularity the "expertise, statements and representations of [Western] relied upon by the plaintiff. Complaint, p. 3. Western notes that plaintiff has agreed to make these revisions to his Complaint.

Western reasonably requests clarification of the claims alleged against it by plaintiff. Therefore, taking into consideration plaintiff's pro se status, the court denies Western's motion to dismiss and grants Western's alternative

Page 4 - OPINION AND ORDER

motion to make more definite and certain as outlined above.

Next, defendant Regans deny that they ever entered into a "renegotiated" contract with plaintiff for the repair of the mobile home" to the "satisfaction of plaintiff before or by March 14, 2008."  The Regans rely on an Escrow Holdback Agreement, ex. B, as the only written documentation of the alleged renegotiated agreement relied on by plaintiff.  Exhibit B contains no provision stating that certain repairs would be completed "before or by March 14, 2008."  Plaintiff further alleges that the Regans were negligent and breached a duty of care by failing to provide to plaintiff a Seller's Property Disclosure Statement.  The Regans assert, however, that any right of the plaintiff's to revoke the purchase agreement based upon such failure terminated when the parties closed the transaction on approximately January 10, 2008.  The Regan's rely on Exhibit C, copies of the documents, including a warranty deed, showing that title to the property passed to plaintiff on or around January 10, 2008.

Plaintiff does, in fact, allege a renegotiated agreement for the sale of the mobile home that included a condition requiring the Regans to have completed certain repairs by a certain date. Plaintiff, however, has failed to provide the court with a copy of any such renegotiated agreement, or other evidence that any such agreement existed.  Again, in consideration of plaintiff's pro se status, the court denies the Regans' motion to dismiss

with leave to renew and will allow pro se plaintiff an opportunity to file an Amended Complaint.

## CONCLUSION

Defendants' motions to dismiss (docs. 4 and 12) are denied with leave to renew. Defendant Western Title's request for oral argument is denied as unnecessary. Plaintiff should file any Amended Complaint within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

        Dated this __17__ day of April 2009.


                                    /s/ Ann Aiken
                                    Ann Aiken
                            United States District Judge