IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD D. HOLMES, and                              Case 6:09-cv-6023-AA
GINA Y. KOPP,                                              O R D E R

      Plaintiffs,

   vs.

WESTERN TITLE & ESCROW COMPANY,
a Oregon Corp., and LLOYD
& GLENDA RAGAN, husband and
wife,

      Defendants.
_____

Donald D. Holmes
17006 N. 131st Ave.
Sun City West, Arizona 85375
   Plaintiff Pro Se

George A. Burgott
Luvaas Cobb
777 High Street, Suite 300
Eugene, Oregon 97401
   Attorney for defendants Lloyd and Glenda Ragan

AIKEN, Chief Judge:

    This case was tried to the court without a jury on December

11-12, 2012.  Pursuant to Fed. R. Civ. P. 52(a), the Court found

Page 1 - ORDER

for defendants on all claims, including refunding to defendants $8000 that defendants originally paid into escrow. Defendants previously filed for recovery of all Costs, which were not disputed by plaintiffs, and which this Court awarded in full.   At issue now is defendants' motion for attorney fees in the amount of $11,640.00, which is opposed by plaintiff.

The Holdback (escrow) Agreement, drafted by former defendant Western Title, is the basis for both parties' arguments - for and against - the entitlement to attorney fees.   There is no dispute that the right to attorney fees was not originally pleaded by either plaintiff or defendants.   In the second Pretrial Order lodged on February 21, 2012 (doc. 64), plaintiff argued for an amendment to the pleadings to include a request for attorney fees originating pursuant to the Holdback Agreement.   Plaintiff argued that Or. Rev. Stat. 20.096 created a right to attorney fees based on that Agreement and stated that adding a claim for fees did not "appreciably affect any claims or defenses and causes no prejudice."   PTO, p. 11.   Defendants responded by objecting to the proposed amendment to add an attorney fee claim "at this late date," and further contended that the Holdback Agreement "provides that attorney fees shall be awarded to the escrow agent, Western Title, and does not provide for the award of attorney fees to sellers or buyer in the transaction."   Therefore, defendants contended, "ORS 20.096 does not apply to

Page 2 - ORDER

create a reciprocal right to attorney fees." PTO, p. 12.

With the court's finding that defendants prevailed on plaintiff's claims, defendants now argue exactly the reverse of their contentions in the Pretrial Order. Specifically, defendants argue that based on the Holdback Agreement they are now entitled to recover $11,640 in attorney fees. Plaintiff, however, asserts that after the Pretrial Order was filed on February 21, 2012, on March 7, 2012, when the parties participated in a scheduling conference with the court, plaintiff's lawyer at that time and defense counsel (1) agreed to waive the jury and try this matter to the court; and (2) agreed not to amend the pleadings on the issue of attorney fees. See doc. 66, March 7, 2012.

The court therefore declines to award fees here. The parties proceeded to a court trial in this action, plaintiff pro se and defendants represented by counsel, with an understanding that no fees would be sought. The court finds no reason to overturn that presumption.

## Conclusion

Defendants' motion for attorney fees (doc. 151) is denied. The parties are ordered to each pay their respective legal fees.

IT IS SO ORDERED.

Dated this ___ day of April 2013.


_____
Ann Aiken
United States District Judge